# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN WARMAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br> vs.<br>AMERICAN NATIONAL STANDARDS INSTITUTE,<br><br>         Defendant. | CASE NO. 15cv907-LAB (JMA)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff Jordan Warman is a Canadian citizen residing in Ontario, Canada. (Docket no. 1, ¶ 8.) He filed this putative class action against the American National Standards Institute (ANSI), alleged to be a New York corporation with its headquarters in Washington, D.C. (*Id.*, ¶ 4.) Warman brings claims under both the federal Fair Labor Standards Act and New York state law, and alleges he worked in Washington, D.C., Maryland, and New Jersey when his claims arose. (*Id.*, ¶ 8.) The complaint's sole allegation concerning jurisdiction merely says "Venue in this Court is proper because ANSI regularly conducts business and employs employees throughout the country, including California." (*Id.*, ¶ 7.) There is no allegation, however, that any class member's claim arose in this District, or even in California. Thus, the Court ordered Plaintiff Jordan Warman to show cause why this case should not be dismissed for improper venue. (Docket no. 5.) In response, Warman contends

that venue is proper because it is likely that numerous unnamed class members are currently working for ANSI in the Southern District of California. (Docket no. 7.) He explains

> To accomplish [its] mission, ANSI employs assessors, to accredit and assess [Standard Developing Organizations]'s throughout the United States including in the Southern District of California. Discovery has not yet been conducted but it is likely that there are numerous assessors who reside and are currently working in the Southern District of California. Based on the fact that ANSI's assessors, many of whom are putative class members, are consistently in the Southern District of California the minimum contacts analysis is more than satisfied because ANSI regulates Southern District businesses and the organization has availed itself to the laws of California.

(*Id.* at 3.)

**I.   Discussion**

    **A.   Venue**

A civil action may be brought in any of the following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of the venue statute, entity defendants are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

    **B.   Personal Jurisdiction**

Personal jurisdiction is divided into two categories—general and specific. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). "[T]he plaintiff bears the burden of demonstrating that the court has jurisdiction. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).

/ / /

/ / /

### 1. General Jurisdiction

For a corporation, general jurisdiction exists in the states where it is "essentially at home," such as its place of incorporation and principal place of business. *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 689 (9th Cir. 2014). "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez*, 764 F.3d at 1066. Warman's allegation that ANSI "likely" has employees in this district doesn't make it "essentially at home" here. *See Moldauer v. Constellation Brands Inc.*, 2015 WL 1541961, at *4 (D.D.C. Apr. 3, 2015) (conducting business in a district doesn't demonstrate operations so substantial that it's "essentially at home" there). Warman hasn't shown that general jurisdiction exists over ANSI.

### 2. Specific Jurisdiction

Warman's assertion that the Court has jurisdiction is based on the theory that unnamed proposed class members likely have claims that arise out of ANSI's contacts with California. "However, claims of unnamed class members are irrelevant to the question of specific jurisdiction." *AM Trust v. UBS AG*, 2015 WL 395465, at *8 (N.D. Cal. Jan. 29, 2015); *see also Ambriz v. Coca Cola Co.*, 2014 WL 296159, at *5 (N.D. Cal. Jan. 27, 2014) ("The general rule is that only the residence of the named parties is relevant for determining whether venue is proper."). Warman hasn't shown that specific jurisdiction exists either. Thus, Warman's suit was filed in an improper venue.

## C. Transfer

In the alternative, Warman asks the Court to transfer this case to New York or Washington, D.C. pursuant to 28 U.S.C. § 1404(a). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

- 3 -

15cv907

1 | *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  Warman hasn't
2 | provided the information necessary for the Court to weigh these factors and decide whether
3 | this case should be transferred to the district court in Washington, D.C. or one of the districts
4 | in New York.  Thus, the Court declines to transfer this case.

**II.     Conclusion**

This case is **DISMISSED WITHOUT PREJUDICE** for improper venue.

**IT IS SO ORDERED**.

DATED: May 21, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge